[621 NYS2d 100]

In the Matter of DENNIS J. POTTINGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 9, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana Szochet* of counsel), for petitioner.

*Dennis J. Pottinger,* Queens, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with 13 allegations of professional misconduct. The Special Referee sustained all 13 charges. The petitioner moves to confirm the report of the Special Referee, insofar as it sustained Charges One through Three and Five through Thirteen, and moves to withdraw Charge Four.

Charges One, Two, and Three emanate from the same set of facts. In or about January 1988, the respondent was retained to represent Gilbert Adams in proceedings to have Mr. Adams named administrator of the Estate of Ernestine Adams, also known as Daniels. In or about January 1989, the respondent opened Account No. 049-04917-4, entitled "Estate of Ernestine Adams, a/k/a Daniels, Gilbert O. Adams, Administrator" at European American Bank, into which account the respondent deposited estate assets. In or about January 1989 the respondent improperly procured his client's consent to borrow $15,000 from this account.

Charge One alleged that the respondent, in committing the aforesaid acts, is guilty of engaging in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]).

Charge Two alleged that the respondent, in committing the aforesaid acts, is guilty of improperly entering into a business relationship with a client, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

Charge Three alleged that the respondent, in committing the aforesaid acts, is guilty of conduct giving an appearance of impropriety in violation of Code of Professional Responsibility Canon 9 and Code of Professional Responsibility DR 9-101 (22 NYCRR 1200.45).

Between January 1989 and December 1991, the respondent maintained European American Bank Account No. 049-36810-3, entitled "Dennis J. Pottinger, Esq.", and the respondent deposited personal funds into this account and paid personal obligations out of this account. During this time period the respondent also deposited client funds entrusted to him as a fiduciary into this account. On February 9, 1989, the respondent, as fiduciary, deposited a check in the amount of $1,000

from Eric Kendall, representing a deposit on a real estate contract. On February 13, 1989, the respondent, acting as attorney for Margaret Rhoden, deposited a check in the amount of $15,000 from Gerald H. Green, attorney, representing the return of a deposit on a real estate contract. On February 21, 1989, the respondent, acting as attorney for Rupert Jones, deposited a check in the amount of $2,200 from Avis Rent-A-Car System, representing settlement of a property damage claim.

Charge Five alleged that the respondent is guilty, based on the aforesaid conduct, of engaging in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]).

Charge Six alleged that the respondent is guilty, based on the aforesaid conduct, of commingling client funds entrusted to him as fiduciary, with personal funds, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

On March 6, 1989, the respondent drew check no. 383 on Account No. 049-36810-3 to the order of Rupert Jones in the amount of $2,000, representing Mr. Jones' share of the settlement check deposited on February 21, 1989. The check to Mr. Jones was returned due to insufficient funds.

Charge Seven alleged, based on the aforesaid facts, that the respondent is guilty of engaging in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]).

Charge Eight alleged, based on the aforesaid facts, that the respondent is guilty of converting client funds in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

On September 17, 1990, the respondent testified at a deposition before the Grievance Committee that he had never deposited client funds into Account No. 049-36810-3.

Charge Nine alleged, based on this September 17, 1990 testimony, that the respondent is guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Ten alleged, based on the September 17, 1990 testimony, that the respondent is guilty of engaging in conduct

which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]).

Between July 1989 and December 1990, the respondent maintained European American Bank Account No. 049-04977-8, entitled "Dennis J. Pottinger, Esq. IOLA Account" into which account respondent deposited client funds entrusted to him as a fiduciary. On November 8, 1990, the respondent drew check no. 1114 on Account No. 049-04977-8 to the order of "Cash".

Charge Eleven alleged, based on the aforementioned facts, that the respondent is guilty of engaging in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]).

Charge Twelve alleged, based on the aforementioned facts, that the respondent is guilty of professional misconduct in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Charge Thirteen alleged that between July 1989 and September 1990, the respondent failed to maintain a ledger book or similar record of deposits into, and withdrawals from, accounts maintained by him as escrowee, in violation of Code of Professional Responsibility DR 9-102 (C) (3) and (D) (2) (22 NYCRR 1200.46 [c] [3]; [d] [2]).

After reviewing the evidence, we find that the Special Referee properly sustained Charges One through Three, and Five through Thirteen. Accordingly the petitioner's motion to confirm the report of the Special Referee with respect to these charges and to withdraw Charge Four is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation advanced by the respondent in his reply affirmation, and the statements of the Special Referee. It is, therefore, the decision of this Court that the respondent be suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, BALLETTA, THOMPSON and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dennis J. Pottinger, is suspended from the practice of law for a period of three years, commencing February 9, 1995, and continuing until the fur-

ther order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dennis J. Pottinger, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.